COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPT.
                                                  CIVIL ACTION NO. 04-3286

FOREST CITY ENTERPRISES, INC.,    )
    Plaintiff                     )
                                  )
vs.                               )       COMPLAINT AND PETITION FOR
                                  )       DECLARATORY RELIEF
FACTORY MUTUAL INSURANCE          )
COMPANY                           )
    Defendant                     )

## THE PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE

### PARTIES

1. The plaintiff, Forest City Enterprises, Inc. ("Forest City"), is a corporation with a usual place of business at Terminal Tower, 50 Public Square, Suite 1160, Cleveland, Ohio.

2. The defendant, Factory Mutual Insurance Company ("F.M. Global") is a corporation with a usual place of business at 500 River Ridge Drive, Norwood, Massachusetts 02062

### FACTS

3. The defendant, F.M. Global, issued a policy(ies) of insurance, including, without limitation, Policy No. NB448, to the plaintiff, Forest City, providing coverage for damage and loss to real property, including, without limitation, real property located at 129 Franklin Street, Cambridge, Massachusetts, an apartment building known as "Kennedy Biscuit Lofts".

4. In early September 2002, the plaintiff, Forest City, received written notice from counsel representing a tenant occupying an apartment at Kennedy Biscuit Lofts of an alleged mold condition relative to the heating, ventilation and air-conditioning ("HVAC") unit in the apartment.

5. The plaintiff, Forest City, promptly investigated the matter and, subsequently, determined an appropriate course of action for addressing the existent conditions in the apartments and common spaces in the building.

6. In conjunction with embarking on the appropriate repairs, the plaintiff, Forest City, contacted the defendant, F. M. Global, on or about April 14, 2003, giving notice of the loss and, thereafter, providing F.M. Global with copious information regarding the nature and extent of the loss and the nature and extent of the repairs.

7. On or about May 1, 2003, employee(s) of the defendant, F.M. Global, visited the Kennedy Biscuit Lofts, viewed the nature and extent of the loss, met with representatives of the plaintiff, Forest City, acquired additional information regarding the loss and requested additional information.

8. On May 15, 2003 and May 21, 2003, representatives of the defendant, F.M. Global, again visited the Kennedy Biscuit Lofts, gathering additional information, including inspection and sampling of the walls and HVAC systems which are the subject of this loss.

9. From May 21, 2003 to the present, the plaintiff, Forest City, has provided the defendant, F.M. Global, with all additional requested information, including tens of thousands of pages of documents, detailing the nature and extent of the loss and the nature and extent of the repairs. To date, the defendant, F.M. Global, has refused and/or failed to agree that the losses and cost of repairs are covered by the applicable policy(ies) of insurance and refused and/or failed to indemnify the plaintiff, Forest City, for the costs incurred as a result of the losses, damages, and repairs.

10. The defendant, F.M. Global, regularly conducts business in the Commonwealth of Massachusetts, contracts to supply services and products for sale in the Commonwealth

of Massachusetts, derives substantial revenue form contracts, services and products sold in the Commonwealth of Massachusetts, and/or has other ties sufficient to establish personal jurisdiction.

## COUNT I – BREACH OF CONTRACT

11. The plaintiff, Forest City, incorporates by reference, as if rewritten word for word, paragraphs 1 through 10.

12. The defendant, F.M. Global, has breached its insurance contract(s) with the plaintiff, Forest City, by refusing and/or failing to agree to provide coverage to Forest City for the damages and losses incurred, and by refusing and/or failing to indemnity Forest City for the costs incurred as a result of the damages, losses and repairs.

13. The plaintiff, Forest City, has been injured due to the defendant, F.M. Global's, refusal and/or failure to provide coverage to Forest City, and refusal to indemnify Forest City, and Forest City's injuries and damages proximately caused by F.M. Global's breach of contract include, without limitation, the costs of repairs, relocation of tenants, testing, inspection, and other associated costs, and currently total approximately $3,922,444.00.

**WHEREFORE**, the plaintiff, Forest City, demands judgment against the defendant, F.M. Global, for damages due to F.M. Global's breach of contract, in the amount of Forest City's actual damages, plus attorney's fees, costs, expenses, and such other relief as is equitable and just.

## COUNT II - DECLARATORY JUDGMENT/RELIEF

14. The plaintiff, Forest City, incorporates by reference, as if rewritten word for word, paragraphs 1 through 13.

15. The plaintiff, Forest City, submits there is an actual controversy created by defendant, F.M. Global's, refusal and/or failure to agree that the losses and damages at issue are covered by the applicable policy(ies) of insurance and by F.M. Global's refusal and/or failure to indemnify Forest City for the damages and costs incurred by Forest City as a result of the losses, damages and repairs at issue.

16. The plaintiff, Forest City, seeks declaratory relief, determining Forest City's rights and F.M. Global's obligations, pursuant to the applicable policy(ies) of insurance, including, without limitation, Policy Number NB448. The plaintiff, Forest City, seeks declaration that the losses, damages, injuries and repairs at issue are covered by the applicable policy(ies) of insurance and also seeks declaration affirming F.M. Global's obligation to indemnify, Forest City for all covered losses, expenses, damages, injuries and repairs.

**WHEREFORE**, the plaintiff, Forest City, seeks a declaratory judgment establishing that the applicable policy(ies) of insurance issued by the defendant, F.M. Global, to the plaintiff, Forest City, covers the losses, expenses, damages, injuries and repairs at issue, and establishing that the defendant, F.M. Global, must indemnify the plaintiff, Forest City, for all covered losses, expenses, damages, injuries and repairs, in the amount of Forest City's actual damages, currently $3,922,444.00, and such other relief as is equitable and just.

Douglas A. Robertson BBO# 552315
Attorney for the Plaintiff,
  Forest City Enterprises, Inc.
MARTIN, MAGNUSON, McCARTHY
  & KENNEY
101 Merrimac Street
Boston, MA 02114-4716
(617) 227-3240

4

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3256

Forest City Enterprises, Inc., Plaintiff(s)

v.

Factory Mutual Insurance Company, Defendant(s)

### SUMMONS

To the above-named Defendant: Factory Mutual Insurance Company
c/o John N. Love, Esq., Robins, Kaplan,
Miller & Ciresi, LLP, 111 Huntington Ave.
Suite 1300, Boston, MA 02199-7610

You are hereby summoned and required to serve upon Douglas A. Robertson, Esq. plaintiff's attorney, whose address is 101 Merrimac St., Boston, MA 02114-4716, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middlesex Sup. Ct., 40 Thorndike St., Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at ............
the 27th day of October
..........., in the year of our Lord 2004

[signature] Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..........................................................................................................
19........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY, THROUGH ITS UNDERSIGNED COUNSEL, ACCEPTS SERVICE OF PROCESS.

*[signature: John N. Love]*

Dated: NOVEMBER 1, 2004

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..................................................., ............ )
( _____ )

---

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION No. 04-3286

Forest City Enterprises, Inc., Plff.
v.
Factory Mutual Insurance Company, Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)