### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FOREST CITY ENTERPRISES, INC., Plaintiff | ) ) ) ) | |
| v. | ) ) | 1:04-CV-12336 REK |
| FACTORY MUTUAL INSURANCE COMPANY Defendant | ) ) ) ) ) | |

### ANSWER OF FACTORY MUTUAL INSURANCE COMPANY

Defendant Factory Mutual Insurance Company ("FM Global") responds as follows to the allegations contained in Plaintiff Forest City Enterprises, Inc.'s ("Forest City") Complaint and Petition for Declaratory Relief (the "Complaint"). To the extent any allegations are not addressed herein, they are denied.

### PARTIES

1.      FM Global admits that Forest City is a corporation with a usual place of business at Terminal Tower, 50 Public Square, Suite 1160, Cleveland, Ohio.

2.      FM Global admits that it is a corporation with offices at 500 River Ridge Drive, Norwood, Massachusetts 02062. To the extent this paragraph alleges that FM Global's headquarters or principal place of business is at 500 River Ridge Drive, Norwood, Massachusetts 02062, the allegation is denied.

### FACTS

3.      FM Global admits that it issued a policy/policies of insurance to Forest City, including Policy No. NB448. FM Global also admits that Policy No. NB448 applied to certain property at 129 Franklin Street, Cambridge, Massachusetts as an insured location subject to the

insuring agreement as well as the terms and conditions of the policy. To the extent this paragraph purports to summarize the contents of such policy/policies, the allegations are denied. In further answering, FM Global states that the policy/policies speaks for itself/themselves.

4.     FM Global is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, denies them.

5.     FM Global is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, denies them.

6.     FM Global admits that Forest City contacted it on or about April 14, 2003, and provided some information about repairs, but denies the remaining allegations contained in this paragraph.

7.     FM Global admits that on or about May 1, 2003, Christopher Barrett of FM Global visited Kennedy Biscuit Lofts, was able to make some observations of the nature and extent of the alleged loss, met with representatives of Forest City, acquired additional information regarding the alleged loss, and requested additional information. FM Global denies the remaining allegations contained in this paragraph. In further answering, FM Global states that Christopher Barrett was only shown a sample of the allegedly damaged areas and a substantial portion of the allegedly damaged areas had already been repaired.

8.     FM Global admits that on or about May 15, 2003, and May 21, 2003, representatives of FM Global visited Kennedy Biscuit Lofts and gathered additional information, including inspection and sampling of the walls and HVAC systems. FM Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore, denies them.

2

Word 35019634.2

9.    FM Global admits that it has not determined that the alleged losses and cost of repairs are covered by the allegedly applicable policy(ies) of insurance. FM Global also admits that it has not indemnified Forest City for the costs allegedly incurred as a result of the alleged losses, damages, and repairs. FM Global is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore, denies them. In further answering, FM Global states that Forest City has not provided FM Global with all additional requested information. For instance, Forest City has repeatedly been asked by FM Global and failed to provide information to FM Global identifying the dates of the alleged losses, number of occurrences, or cause of the alleged losses. FM Global further states that Forest City has also not filed a proof of loss with FM Global and has not submitted to an examination under oath as requested by FM Global.

10.    FM Global admits that it has conducted business in the Commonwealth of Massachusetts, and does not contest personal jurisdiction in this case. FM Global denies the remaining allegations contained in this paragraph.

## COUNT I – BREACH OF CONTRACT

11.    FM Global incorporates by reference, as if rewritten word for word, its answers to paragraphs 1 through 10.

12.    Denied.

13.    Denied.

## COUNT II – DECLARATORY JUDGMENT/RELIEF

14.    FM Global incorporates by reference, as if rewritten word for word, its answers to paragraphs 1 through 13.

3

15.     To the extent this paragraph alleges that an actual controversy exists between FM Global and Forest City, it states a legal conclusion to which no answer is required.  In further answering, FM Global states that Forest City has not submitted a proof of loss to FM Global, has not submitted to an examination under oath as requested by FM Global, and has not complied with all conditions precedent to receiving payment for any claim prior to filing this suit.

16.     This paragraph alleges only that Forest City seeks declaratory relief and does not make allegations of fact to which a response is required.

<b><u>FIRST ADDITIONAL DEFENSE</u></b>

Forest City's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

<b><u>SECOND ADDITIONAL DEFENSE</u></b>

Forest City's claims are barred by the applicable statute of limitations and contractual limitations periods, which in Policy No. NB448 requires that "legal action [be] started within twelve months after inception of the loss (or the shortest limit of time permitted by law)."

<b><u>THIRD ADDITIONAL DEFENSE</u></b>

Forest City has not demonstrated that the losses it alleges occurred took place during the term of Policy No. NB448 or any other policy allegedly issued to it by FM Global.

<b><u>FOURTH ADDITIONAL DEFENSE</u></b>

Forest City's claims are excluded under Policy No. NB448, Exclusion A(1), which excludes, "indirect or remote loss or damage."

<b><u>FIFTH ADDITIONAL DEFENSE</u></b>

Forest City's claims are excluded under Policy No. NB448, Exclusion A(4), which excludes, "loss or damage or deterioration arising from any delay."

4

Word 35019634.2

### SIXTH ADDITIONAL DEFENSE

Forest City's claims are excluded under Policy No. NB448, Exclusion C(1), which excludes, "faulty workmanship, material, construction or design from any cause."

### SEVENTH ADDITIONAL DEFENSE

Forest City's claims are excluded under Policy No. NB448, Exclusion C(3), which excludes, "deterioration, depletion, rust, corrosion or erosion, wear and tear, inherent vice or latent defect."

### EIGHTH ADDITIONAL DEFENSE

Forest City's claims are excluded under Policy No. NB448, Exclusion C(5), which excludes, "changes of temperature damage ... or changes in relative humidity damage."

### NINTH ADDITIONAL DEFENSE

Forest City's claims are excluded under Policy No. NB448, Exclusion D(1), which excludes, "contamination ... changes in color, flavor, texture or finish."

### TENTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition A(1), which requires, "immediate written notice to [FM Global] of any loss."

### ELEVENTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition A(2), which requires that Forest City, "protect the property from further loss or damage."

### TWELFTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition A(3), which requires that Forest City, "promptly separate the damaged and

5

undamaged property; put it in the best possible order; and furnish a complete inventory of the lost, destroyed and undamaged property showing in detail the quantities, costs, Actual Cash Value, replacement value and amount of loss claimed [to FM Global]."

## THIRTEENTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition A(4), which requires that Forest City, "give a signed and sworn proof of loss to [FM Global] within 90 days after the loss."

## FOURTEENTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition A(6)(b), which requires that Forest City, "submit to examination under oath by any person designated by [FM Global] and sign the written records of examinations."

## FIFTEENTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition A(6)(c), which requires that Forest City, "produce for examination at the request of [FM Global]: (i) all books of accounts, business records, bills, invoices and other vouchers; or (ii) certified copies if originals are lost."

## SIXTEENTH ADDITIONAL DEFENSE

Forest City's claims are barred because Forest City failed to comply with Policy No. NB448, Condition F, which states, "[n]o suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless: (1) the Insured has fully complied with all the provisions of this Policy; and (2) legal action is started within twelve months after inception of the loss (or the shortest limit of time permitted by law)."

Word 35019634.2

## SEVENTEENTH ADDITIONAL DEFENSE

FM Global reserves its right to raise other defenses if and when Forest City identifies additional policies implicated by the alleged losses.

WHEREFORE, FM Global respectfully requests that this Court dismiss Forest City's Complaint and award FM Global its costs and such other relief as is just and appropriate as provided by law.

Respectfully submitted,

Dated: November 18, 2004

John N. Love (BBO# 305850)
Stephen F. Herbes (BBO# 650609)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
Tel:    (617) 267-2300
Fax:    (617) 267-8288

7

Word 35019634.2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail, postage prepaid, on November 18, 2004.

Stephen F. Herbes

Word 35019634.2